IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

September 21, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | FOR PUBLICATION |
| | ) | |
| Appellee, | ) | FILED: |
| | ) | |
| v. | ) | HUMPHREYS COUNTY |
| | ) | |
| WILLIAM E. HALL and | ) | HON. ALLEN W. WALLACE, JUDGE |
| DERRICK D. QUINTERO, | ) | |
| | ) | NO. 01-S-01-9703-CC-00068 |
| Appellants. | ) | |

CONCURRING AND DISSENTING OPINION

I concur in the conclusion reached by the majority in this case except with respect to the issue of proportionality. On that issue, the majority holds that the punishment of death is not disproportionate under the record in this case. I respectfully dissent, and I do so for the same reasons outlined in State v. Blanton, __ S.W.2d __ (Tenn. 1998), 1998 W.L. 310485 (Birch, J., dissenting).

In Blanton, no direct evidence was adduced that Blanton shot either victim or stabbed Mrs. Vester. The same analysis applies here--there is no direct evidence that Hall or Quintero shot either victim or stabbed Mrs. Vester.[1] Thus, considering the factor of "the defendant[s'] involvement or role in the murder[s]," the absence of direct evidence that either defendant was the actual killer compels my conclusion that the punishment of death is, in this case, disproportionate. See Tison v. Arizona, 481 U.S. 137,

---

[1]The charges against Blanton, Quintero, and Hall all arose from the same incident.

107 S. Ct. 1676, 95 L. Ed.2d 127 (1987)(discussing how a defendant's role in a murder affects the sentencing decision); State v. Branam, 855 S.W.2d 563, 570-71 (Tenn. 1993).  I would, accordingly, remand the cause for a new sentencing hearing.

_____
ADOLPHO A. BIRCH, JR., Justice